**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XIAOGUANG YU, | No. 12-70472 |
| Petitioner, | Agency No. A099-912-233 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 21, 2014[**]

Before:     CANBY, SILVERMAN, and PAEZ, Circuit Judges.

Xiaoguang Yu, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we deny the petition for review.

Even if Yu was credible, the record does not compel the conclusion that his experiences in China rose to the level of past persecution. *See Gormley v. Ashcroft*, 364 F.3d 1172, 1178 (9th Cir. 2004); *Gu v. Gonzales*, 454 F.3d 1014, 1020-21 (9th Cir. 2006) (detention, beating, and interrogation did not compel finding of past persecution). The record does not support Yu's contention that the IJ ignored some of his past experiences. Further, substantial evidence supports the agency's finding that Yu failed to establish a well-founded fear of future persecution in China. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000) (continued presence of applicant in home country undermined fear)*; see also Lin v. Holder*, 610 F.3d 1093, 1097 (9th Cir. 2010) (per curiam) ("Ordinary prosecution . . . is not persecution 'on account of' a protected ground."). Consequently, Yu's asylum claim fails.

Because Yu failed to establish eligibility for asylum, his withholding of removal claim necessarily fails. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, substantial evidence supports the agency's denial of Yu's CAT claim because Yu failed to demonstrate it is more likely than not he would be tortured by or with the consent or acquiescence of a public official in China. *See Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**